IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIVIANNA C. GUTIERREZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KEVIN L. PELL and CHRISTINE PELL | : | NO. 20-6101 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                                  April 7, 2022

Following a car accident, Vivianna C. Gutierrez ("Plaintiff") brought suit against Kevin L. Pell ("Kevin") alleging negligence and against Christine Pell ("Christine") alleging negligent entrustment. Presently before the court is Christine's motion for partial summary judgment, seeking judgment on the negligent entrustment claim. Doc. 21. The facts are not in dispute and this motion for summary judgment is uncontested. For the reasons that follow, I will grant the motion.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On February 11, 2020, Kevin, driving his mother Christine's car, rear ended a car driven by Plaintiff on Interstate 95. Doc. 1 ¶¶ 8-9. In the Complaint, Plaintiff asserts that Christine Pell "[k]nowingly, negligently and/or carelessly allowe[ed] a known inexperienced, incompetent, careless and/or negligent driver to operate a motor vehicle [and] entrust[ed] a motor vehicle to a known inexperienced, incompetent, reckless, careless and/or negligent driver." Id. ¶ 19(a)-(b). Christine Pell denied these allegations in the Answer. Doc. 5 ¶ 19(a)-(b). The motion states that Plaintiff did not depose

Christine, Doc. 21-5 at 2, and Plaintiff has not responded to the motion or provided any evidence to support the claim against Christine.

## II.    LEGAL STANDARD – SUMMARY JUDGMENT

A moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).[1]  A factual dispute is "material" if it might affect the outcome of the case under governing law.  Id.

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute. . . ."  Fed. R. Civ. P. 56(c)(1)(A), (B).  "Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact."  Boykins v. Lucent Techs., Inc., 78 F. Supp. 2d 402, 408 (E.D. Pa. 2000).  The evidence presented must be viewed in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

Where, as here, a non-moving party fails to oppose a motion for summary judgment, the motion may only be granted where the court determines that summary judgment is appropriate pursuant to Rule 56.  Anchorage Assoc. v. Virgin Islands Bd. of

---

[1] Anderson predated the 2010 Amendment to Rule 56.  However, the change in wording and location within the rule for the summary judgment standard did not alter the standard or caselaw interpretation of the standard.  Fed. R. Civ. P. 56 advisory committee's note to 2010 Amendments.

Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990); Fed. R. Civ. P. 56(e)(3) (where party fails to address another party's assertion of fact, the court may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it"). Summary judgment is appropriate where the movant has "shown itself to be entitled to judgment as a matter of law." Anchorage, 922 F.2d at 175. The analysis of an uncontested motion depends on which party bears the burden of proof on the relevant issue. Id. Where, as here, the moving party does not have the burden of proof, "the district court must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law." Id. (citing Celotex v. Catrett, 477 U.S. 317 (1986)).

### III.   DISCUSSION

To establish a claim for negligent entrustment under Pennsylvania law, a plaintiff must show that the defendant "(1) permitted [a third party], (2) to operate its [vehicle], and (3) that [the defendant] knew or should have known that [the third party] intended to or was likely to use the [vehicle] in such a way that would harm another." Adames v. May Furniture, Inc., Civ. No. 17-652, 2019 WL 8937042, at *4 (M.D. Pa. Nov. 26, 2019) (quoting Fakes v. Terry, Civ. No. 15-1574, 2018 WL 1382513, at *5 (W.D. Pa. Mar. 19, 2018) and citing Restatement (Second) of Torts, § 308).

Here, Plaintiff has offered no evidence to support her claim of negligent entrustment. In the Answer, Defendants denied the paragraphs of the Complaint alleging negligent entrustment. Doc. 5 § 19(a)-(b). According to the motion, Plaintiff deposed Kevin, but did not depose Christine. Doc. 21-5 at 2. Plaintiff has not pointed to any

3

evidence to support the assertion that Christine had any knowledge that her son was likely to use her car in such a way as to cause this accident and there is no indication that any such evidence exists.  Therefore, summary judgment is appropriate.  See Prescott v. R & L Transfer, Inc., Civ. No. 11-203, 2015 WL 418736, at *6 (W.D. Pa. Feb. 2, 2015) (granting summary judgment on negligent entrustment claim where there was no evidence owner had reason to be concerned with driver's ability to operate truck).

  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIVIANNA C. GUTIERREZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KEVIN L. PELL and CHRISTINE PELL | : | NO. 20-6101 |

**O R D E R**

AND NOW, this 7th day of April, 2022, upon consideration of Defendant Christine Pell's motion for partial summary judgment (Doc. 21), to which Plaintiff has not responded, and for the reasons set forth in the accompanying Memorandum, IT IS HEREBY ORDERED that the Motion is GRANTED.  Judgment is entered in favor of Christine Pell against Vivianna C. Guttierrez on Count II of the Complaint.

BY THE COURT:

/s/ ELIZABETH T. HEY

_____
ELIZABETH T. HEY, U.S.M.J.