IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIVIANNA GUTIERREZ | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| KEVIN L. PELL | : NO. 20-6101 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                            April 13, 2022

Plaintiff has filed two motions in limine challenging the admissibility of the testimony and reports of Nirav K. Shah, M.D., based on the untimely production of three reports prepared by Dr. Shah and an MRI that was performed on February 16, 2022. Docs. 23 & 26. Defendant has responded that the delayed production occurred because Plaintiff did not begin seeing Dr. Shah until after the expiration of the scheduling deadlines and after the arbitration. Docs. 29 & 30. Moreover, Plaintiff argues that Defendant has suffered no prejudice and Dr. Shah is not presented as an expert witness. Docs. 29 at 12 & 30 at 9.[1]

**I.**      **PROCEDURAL HISTORY**

According to the Complaint, Defendant rear-ended Plaintiff on February 11, 2020, while driving on Interstate 95. Doc. 1 ¶ 9. Plaintiff filed suit against Defendant[2] on

---

[1] All pinpoint citations are to the court's ECF pagination.

[2] The Complaint states claims for negligence against Kevin Pell (Count I), and for negligent entrustment against his mother Christine Pell, the owner of the car he was driving (Count II). Doc. 1. On April 7, 2022, I granted summary judgment in favor of Christine Pell on Count II, Docs. 27-28, so only Kevin Pell remains as a Defendant.

December 4, 2020. Doc. 1. According to the Discovery Plan, depositions of parties and fact witnesses were to be completed by May 3, 2021; the defense examination of Plaintiff was to be completed by July 5, 2021; Plaintiff's expert reports were due by August 2, 2021; and Defendant's expert reports were due by September 1, 2021. Doc. 4. The Honorable Eduardo Robreno referred the case to arbitration, which was held on December 15, 2021. Doc. 10 & Docket entry 11. Prior to the arbitration, the parties exchanged expert reports. On January 11, 2022, Defendant requested a trial de novo. Doc. 12. On February 2, 2022, Judge Robreno referred the case to the undersigned on consent of the parties. Doc. 16. On February 4, 2022, after holding a teleconference with counsel, I entered an Order scheduling trial for April 25, 2022. Doc. 18.

On January 14, 2022, Plaintiff first saw Dr. Shah, who has authored reports dated January 14, 2022, March 2, 2022 (referencing a cervical MRI completed February 16, 2022), and April 1, 2022.[3] On April 1, 2022, Defendant filed a motion in limine seeking preclusion of Dr. Shah's reports dated January 14, and March 2, 2022, Dr. Shah's testimony, and the cervical MRI performed on February 16, 2022. Doc. 23. On April 6, 2022, Defendant filed a supplement to the motion seeking preclusion of the third report authored by Dr. Shah on April 1, 2022. Doc. 26. Plaintiff responded to both motions on

---

[3]I note that the January 14 and April 1, 2022 "reports" appear to be the treatment notes from medical evaluations on those days. Docs. 23-15 (Jan. 14, 2022), 26-1 (Apr. 1, 2022). The March 2, 2022 report appears to be an expert report directed to Plaintiff's attorney after a records review with conclusions "made within a reasonable degree of medical certainty and probability." Doc. 23-16 at 3. Plaintiff produced the March 2 report on March 18, Doc. 23-17, and produced the April 1 report on April 4. Doc. 26-1 at 6. It is not clear on what date the January 14 report was produced.

April 11, 2022, arguing that Defendant is not prejudiced by Plaintiff's production of the reports from Dr. Shah, that Plaintiff could not produce these records earlier because she recently began treating with Dr. Shah, and that Dr. Shah is being offered as a treating doctor rather than an expert witness.  Docs. 29 and 30.

**II.     DISCUSSION**

First, I note that this case was originally assigned to Judge Robreno whose Policies and Procedures do not permit discovery nor dispositive motions after the arbitration hearing is held.  See http://www.paed.uscourts.gov/documents/procedures/robpol.pdf (last visited April 11, 2022) (Judge Robreno's Policies and Procedures (II)(F)(1)&(2)).  Although the parties consented to proceed before the undersigned, Judge Robreno's Policies and Procedures governed the action, and the parties' consent to proceed before a magistrate judge should not be used to circumvent those Policies and Procedures.

Second, in evaluating the appropriateness of an exclusionary sanction, the court's consideration is governed by the Pennypack factors, referring to factors set forth in Meyers v. Pennypack Woods Home Ownership Association:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

559 F.2d 894, 904-05 (3d Cir. 1997) overruled on other grounds by Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985)); see also In re Paoli Railroad Yard PCB Litigation, 35 F.3d 717, 791 (3d Cir. 1994) (reaffirming consideration of Pennypack

3

factors to resolve exclusionary sanctions). Courts also look to the importance of the evidence to the proffering parties' case. See Mercedes Benz USA LLC, Civ. No. 99-3121, 2008 WL 4378294, at *3 (D.N.J. Sept. 23, 2008).

    I conclude that the factors weigh in favor of excluding Dr. Shah's evidence. Plaintiff argues that the defense suffers no prejudice because Defendant's position is that Plaintiff has no residual injury from this accident and Dr. Shah's reports will not affect that position. Doc. 29 at 12. I reject this argument. Dr. Shah specifically states that "[a]s a result of the February 11, 2020 accident, the patient sustained permanent neuropathic pain, consistent with complex regional pain syndrome, along with an aggravation injury to the cervical spine, with superimposed radiculopathy." Doc. 23-16 at 3. Plaintiff did not seek leave of court to conduct discovery beyond the deadline, and Defendant has been blind-sided with this report and does not have the opportunity to obtain a report responding to Dr. Shah's opinions.[4] Also, exclusion of Dr. Shah's evidence will not deprive Plaintiff of the ability to present her case, and she will still be able to present other expert evidence relating to her injuries, which includes a cervical MRI that was conducted following the accident. See Doc. 23-9 at 2 (referenced in report of Scott J. Pello, M.D.).

    Moreover, based on the timing of Dr. Shah's evaluation and reports, Defendant does not have the ability to cure the prejudice without disruption to the previously-

---

[4]Plaintiff argues that defense counsel was made aware on December 18, 2021 of Plaintiff's plan to consult with Dr. Shah. Doc. 29 at 8. However, notice of Plaintiff's plan to see Dr. Shah post-dated the arbitration.

4

scheduled trial.[5]  The most recent of Dr. Shah's reports was prepared on April 1 and delivered to defense counsel on April 4, with the trial depositions of Defendant's experts having taken place on March 2 and March 3, and trial scheduled for April 25, 2022.  The timing of the production of the reports also raises the specter of bad faith.  Dr. Shah's second report is dated March 2, 2022, the day of the trial deposition of one of Defendant's experts and the day before the other.  The report was not forwarded to defense counsel until March 18, 2022.

Finally, allowing Plaintiff to present evidence from Dr. Shah disrupts the orderly process of this court.  When faced with a request to reopen discovery after arbitration in similar procedural circumstances, my colleague the Honorable Thomas J. Rueter denied the request, relying on Judge Robreno's Policies and Procedures, and noting how such discovery undermined the court's compulsory arbitration program.

> The purpose of the court's compulsory arbitration program is to save litigants time and money by providing them with a prompt and less expensive alternative to a courtroom trial.  The program also has relieved the court of some of the constantly increasing caseload.  Allowing discovery to reopen after the arbitration hearing would in effect permit a defendant to use the court's arbitration proceeding as a dress rehearsal, or screening event, to discern where the weaknesses are in the plaintiff's case, and then, after the arbitration, allow the defendant to gather new evidence to supplement the defendant's case.  To permit this scenario would undermine the purposes of the court-annexed arbitration procedure to dispose of cases efficiently and conserve judicial resources.

---

[5]As members of the bar of this court, counsel are aware that the court's arbitration plan calls for a trial de novo to take place within 90 days of the arbitration.  E.D. Pa. Local Civ. R. 53.2.7.B.

Toy v. Pickens, Civ. No. 12-5379, 2013 WL 3742446, at *1 (E.D. Pa. July 16, 2013) (internal quotations and citations omitted). The same is no less true when it is the plaintiff who seeks to reopen discovery to supplement damages.

Having determined that allowing Dr. Shah's reports and testimony into evidence would violate the Policies and Procedures governing this case, and having considered the Pennypack factors, I will grant the Defendant's motions in limine and preclude Dr. Shah's testimony and reports including the February 2022 MRI.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIVIANNA GUTIERREZ | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| KEVIN L. PELL | : NO. 20-6101 |

**O R D E R**

AND NOW, this 13th day of April, 2022, upon consideration of Defendant's motions in limine to preclude Dr. Shah's report's and testimony and the February 16, 2022 MRI, Docs. 23 & 26, Plaintiff's responses to the motions, Docs. 29 & 30, and for the reasons in the accompanying Memorandum, IT IS HEREBY ORDERED that the motions in limine are GRANTED. Dr. Shah's testimony and reports including the February 16, 2022 MRI are precluded.

BY THE COURT:

/s/ ELIZABETH T. HEY

_____
ELIZABETH T. HEY, U.S.M.J.